IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

RUTHIE M. HARMON,

    Plaintiff,

v.                                      CIVIL ACTION NO. 3:09-0960

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM ORDER

Presently pending before the Court is the Commissioner's motion to dismiss plaintiff's complaint as untimely filed. Plaintiff filed an application for disability insurance benefits on December 15, 2005. It was denied initially, upon reconsideration and by an administrative law judge after hearing. The Appeals Council denied plaintiff's request for review in a notice dated June 16, 2009, and plaintiff filed her complaint in this Court on August 21, 2009.

The Commissioner moved to dismiss plaintiff's complaint because it was filed more than sixty days after she was presumed to have received the Appeals Council's notice. Plaintiff argues that her complaint was timely filed and raises the central issue in this case, which is how to properly calculate the time period for filing. Both parties agree that 42 U.S.C. § 405(g) provides for sixty days "after the mailing to [her] of notice" of the Commissioner's final decision within which to file a civil action. The statute further provides that this period may be extended by the Commissioner. Both plaintiff and the Commissioner also agree that 20 C.F.R. § 422.210(c) extends the 60-day period by creating a rebuttable presumption that claimants will receive notice of the Appeals Council's action

within five days after the date on the notice. The statute and regulation together create a sixty-five day period from the date of the Commissioner's final decision within which to file a civil action in federal court.

The parties differ with regard to the question of whether Rule 6(a) of the Federal Rules of Civil Procedure applies to the calculation of the five-day period allotted by 20 C.F.R. § 422.210 for receipt of the Commissioner's decision. In her response to the motion to dismiss, plaintiff argues that Rules 6(a)(1), (2) and (3) are applicable and operate to add another four days to the five-day period,[1] making the due date for her to file her civil action August 24, 2009, rather than the August 20, 2009 date asserted by the Commissioner. As support for her position, plaintiff cites two unpublished cases, both of which hold that Rule 6(a), as it existed prior to changes effective in December of 2009,[2] applies to computation of the five-day mailing period. The effect is to exclude the day the receipt is mailed and also any Saturdays, Sundays or legal holidays which fall within that period.[3]

It is the Commissioner's position that the language of 42 U.S.C. § 405(g) makes clear that only he may extend the sixty-day period for commencing a civil action and, therefore, Fed. R. Civ. P. 6(a)(2) cannot operate to lengthen that time frame. Further, he asserts that, with regard to the five-day period for receipt of the Appeals Council's notice, Rule 6(a) specifies that "the following rules,"

---

[1] According to plaintiff's calculations, a state holiday, Saturday and Sunday, all fell within the 5-day period for her to receive the Appeal Council notice.

[2] Rule 6(a) was amended as of December 1, 2009 to provide for inclusion of intermediate weekends and holidays in the calculation of time periods.

[3] See Fed. R. Civ. P. 6(a)(1), (2); Graves v. Astrue, No. 09-5633, 2009 WL 5174655 (E.D. La. Dec. 18, 2009); Tripp v. Astrue, No. 08-1861(RMU), 2009 WL 3784607 (D. D.C. Nov. 12, 2009).

[6(a)(1-4)] apply in computing any time period specified in these rules or in any local rule, court order, or statute."[4]

Third, the Commissioner contends, consistent with the Browning case, that even if Rule 6(a)(2) were applicable, it addresses time periods of less than eleven days. By statute, the time to file a civil action is sixty days and by regulation it is sixty-five days, as noted. The Commissioner also asserts that, even though he was unable to find any Circuit Court case law specifically discussing the applicability of Federal Rule 6(a)(2), there are a number of Circuit Court decisions where this rule was not used in calculating periods for the filing of a civil action.[5]

Finally, the Commissioner urged the court to give 20 C.F.R. § 422.210 its "ordinary meaning," noting that neither the regulation nor the notice from the Appeals Council contains language relative to excluding weekends and holidays from the calculation of when a claimant is presumed to have received the notice.

After considering the parties' arguments, the Court finds those from the Commissioner are more persuasive. Consistent with the Court's finding in the Banks decision, the language in Rule 6(a) is clear that the rules under this heading do not apply to time periods specified in the Commissioner's regulations. While it does not appear that the Fourth Circuit has addressed this issue, recent district

---

[4]The Commissioner cites the cases of Banks v. Astrue, No. 1:09CV-00022-J, 2009 WL 2046861 (W.D. Ky. July 13, 2009) and Browning v. Astrue, No. 8:08-CV-1502-T-17EAJ, 2009 WL 585889 (M.D. Fla. March 5, 2009) as support for his position. In Banks, the court found, relying on the language of Rule 6(a) relative to its applicability, that it would not have any effect on the five-day period since that was added by regulation. In Browning, the court treated the sixty days specified in 42 U.S.C. § 405(g) and the five days added by 20 C.F.R. § 422.210(c) to create an appeal period of sixty-five days, rendering the provisions of Federal Rule 6(a)(2) inapplicable.

[5]The Commissioner cited cases from the Second, Third, Fifth, Sixth, Ninth and Eleventh Circuits, all of which reflected the calculation of the five-day period for mailing as five calendar days only.

court cases in this circuit which were decided after the cases cited by plaintiff, do not apply Rule 6(a) to any portion of the time allotted for filing civil actions.[6]

The Court thus declines to adopt plaintiff's method of calculating the period she had to file her civil action herein. The notice from the Appeals Council was dated June 16, 2009[7] and was presumed, per 20 C.F.R. § 422.210(c), to have been received by plaintiff on or before June 21, 2009. Sixty days after this date would have been August 20, 2009, as the Commissioner has asserted. Since plaintiff did not file her civil action until August 21, 2009, it was not timely. She has not alleged any circumstances which would justify application of the doctrine of equitable tolling,[8] and the Court is unaware of any. It is concluded, therefore, that defendant's motion to dismiss must be granted.

On the basis of the foregoing, it is **ORDERED** that defendant's motion to dismiss be granted, and this case dismissed from the Court's docket.

The Clerk is directed to transmit a copy of this Order to all counsel of record.

ENTER: April 30, 2010

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE

---

[6] See Sadler v. Astrue, No. 3:09cv689, 2010 WL 1286701 (E.D. Va. March 8, 2010); Allison v. Astrue, No. 4:09cv89, 2010 WL 1224874 (E.D. Va. February 23, 2010); Thorson v. Astrue, No. 4:09cv61, 2010 WL 1225898 (E.D. Va. February 23, 2010).

[7] While plaintiff has submitted a copy of the front of the envelope in which the Appeals Council's order was sent, and the postmark reflects it was actually mailed on June 17, 2009, she does not assert that she did not receive the notice by June 21, 2009.

[8] Bowen v. City of New York, 476 U.S. 467, 481 (1986).